IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COGNATE BIOSERVICES, INC., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. WDQ-13-1797 |
| ALAN K. SMITH, *et al.*, | * | |
| Defendant. | * | |

\* \* \* \* \* \*

**RESPONSE TO REQUEST OF ISRAELI COURT FOR SUPPLEMENTAL
INFORMATION REGARDING HAGUE CONVENTION REQUEST**

The United States District Court for the District of Maryland, a judicial authority within the territory of the United States of America, presents its compliments to the judicial authorities of Israel and provides this response to the questions posed by the Honorable Judge Dr. I. Soroker of the Magistrate's Court in Rishon LeZion, Israel regarding the relevance, necessity, and confidentiality of the information called for in the Letter of Request.

On June 9, 2014, this Court issued a Letter of Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Letter of Request") to the judicial authorities of Israel requesting assistance in the above-captioned matter in compelling the production of a computer, external drive, and documents from MacroCure, Ltd. ("MacroCure"), a non-party entity located in Israel.

On October 7, 2014, the Honorable Judge Dr. I. Soroker of the Magistrate's Court in Rishon LeZion, Israel issued an order requesting that this Court respond to questions regarding the relevance, necessity, and confidentiality of the information called for in the Letter of Request.

This Court has reviewed the Honorable Judge Soroker's questions, and has considered briefing from the parties before this Court. The Court notes that MacroCure has not submitted any information to this Court as to this request. The Court understands that MacroCure intends to make its objections to the production of the evidence sought at the court in Israel because MacroCure is a non-party to this case and because the evidence sought is located in Israel. The Court hereby answers the questions of the Honorable Judge Soroker as follows:

**Question One: The degree of relevance of the information and documents sought, and whether they are "essential" for the purposes of this proceeding.**

This Court finds that the discovery sought in the Letter of Request is relevant and necessary for a fair resolution of this case. In this case, Plaintiffs allege that former Cognate CEO Alan Smith improperly accessed Plaintiffs' computer systems and misappropriated its proprietary materials, including its standard operating procedures ("SOPs"). Plaintiffs allege that Mr. Smith then shared these materials with MacroCure, by using his MacroCure Laptop and other means, in order to help MacroCure manufacture and gain regulatory approval in the United States for a product named "CureXcell." The items sought by Plaintiffs' in the Letter of Request are documents and information that are likely to show whether Mr. Smith improperly accessed Plaintiffs' computer systems, misappropriated Plaintiffs' proprietary materials, and communicated Plaintiffs' proprietary materials to MacroCure.

This Court finds that the evidence sought by Plaintiffs is "essential" to this case because it is both relevant to its claims against Mr. Smith, and because Plaintiffs are unable to obtain this evidence from any source besides MacroCure. The most essential items sought in the Letter of Request are the MacroCure Laptop and the related storage devices. (Letter of Request ¶¶ 12(g), 12(h) & 12(i).) This Court finds that these devices are essential to Plaintiffs' ability to identify and trace any of Plaintiffs' proprietary materials that Mr. Smith improperly accessed,

misappropriated, and transmitted to MacroCure. It is notable, as Plaintiffs have pointed out in their pleadings, that Mr. Smith's testimony indicates that he transferred Plaintiffs' proprietary materials from his Cognate Laptop to the MacroCure Laptop. The other items sought in the Letter of Request that this Court considers most essential to Plaintiffs' case are set forth in paragraphs 12(a), 12(b) and 12(f). The requests at paragraphs 12(a) and 12(b) specifically seek documents and information about Plaintiffs' own processes and propriety information that are in the possession of MacroCure. The request at paragraph 12(f) seeks communications between Mr. Smith and MacroCure during the time period that Mr. Smith was still employed by Plaintiffs. The Court considers the items sought in the Letter of Request at paragraphs 12(c), 12(d), 12(e) and 12(j) "essential" in that the items are relevant to Plaintiffs' claims, but to a lesser extent than the other items sought.

>**Question Two: The protection of MacroCure's interest in protecting any trade secrets at issue.**

This Court assumes that some of the evidence sought by Plaintiffs from MacroCure in the Letter of Request will contain MacroCure's trade secrets, or at least confidential and proprietary information belonging to MacroCure. This Court recognizes MacroCure's interest in maintaining the confidentiality of its trade secrets, and finds that such an interest is valid and must be protected. Accordingly, as United States courts routinely do in cases involving confidential information, this Court entered a protective order governing materials disclosed in discovery in this case. Under the terms of the protective order, a party producing documents or information in discovery is permitted to designate the documents as "confidential" or "highly confidential," thereby limiting the persons able to review the material, and their ability to disclose the material to others, as set forth in the protective order. In this case, therefore, this Court requests that MacroCure be required to produce the evidence sought in the Letter of Request, but that it be

permitted to designate the evidence as "confidential" or "highly confidential" under the terms of the protective order in this case. With the protective order in place, this Court finds that MacroCure's interest in shielding its trade secrets from disclosure is adequately protected.

In summary, this Court finds that the materials sought in the Letter of Request are relevant and essential to Plaintiffs' claims in the action pending before this Court, that the materials sought are not available from any source besides MacroCure, and that under the terms of the protective order in this case, MacroCure's interest in shielding its trade secrets from disclosure is protected.

<u>March 11, 2015</u>                                             <u>        /s/                                    </u>
Date                                                         Timothy J. Sullivan
                                                             United States Magistrate Judge