IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

COGNATE BIOSERVICES, INC., *et al.*,          *

     Plaintiffs,          *

v.          *          Civil No. WDQ-13-1797

ALAN K. SMITH, *et al.*,          *

     Defendants.          *

         *     *     *     *     *     *

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses Defendant MacroCure Ltd.'s ("MacroCure") Motion to Stay Discovery Pending Rulings on its Case Dispositive Motions ("Motion") (ECF No. 200).[1] Plaintiffs Cognate BioServices, Inc., *et al*. ("Cognate") oppose the Motion. (*See* ECF No. 201.) Having considered the submissions of the parties (ECF Nos. 200-205), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, I respectfully recommend that MacroCure's Motion be granted in part and denied in part.

## I.     BACKGROUND

From 2003 until May 2010, Defendant Alan K. Smith ("Smith") was employed as the CEO of Cognate. (ECF No. 100 at 8.) While employed by Cognate, Smith negotiated a contract between Cognate and MacroCure related to the development of an "immune cell wound-healing product known as 'CureXcell.'" (*Id.*) The relationship between Cognate and MacroCure to develop CureXcell, however, did not come to fruition. Instead, after leaving Cognate, Smith worked as a consultant for MacroCure on the development of CureXcell. (*Id.*) Cognate alleges

---

[1] On May 22, 2014, in accordance with 28 U.S.C. § 636 and Local Rule 301, Judge Quarles referred this case to me for discovery and related scheduling matters. (ECF No. 35.)

that while Smith worked as a consultant for MacroCure, he accessed Cognate's computer systems without authorization and copied Cognate's proprietary materials, which he then produced to MacroCure. (*Id*. at 9.)

The original complaint that Cognate filed on June 19, 2013 named two defendants: Smith and Alan Smith Consulting, Inc.[2] (ECF No. 1.) On May 27, 2014, Cognate sought leave to file an amended complaint that, among other things, named MacroCure as a defendant. (ECF No. 36.) On June 9, 2014, while Cognate's motion for leave to file an amended complaint was pending, the Court granted Cognate's motion for the issuance of a letter of request pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. (ECF Nos. 37 & 42.) The Court's Letter of Request (ECF No. 42) sought the assistance of the Israeli Directorate of Courts (the "Israeli court") in obtaining certain discovery from MacroCure, which has its principal place of business in Israel, related to Smith's work for MacroCure. In general, the Letter of Request seeks documents and information in the possession of MacroCure that are likely to show whether Smith improperly accessed Cognate's computer systems, misappropriated Cognate's proprietary materials, and communicated Cognate's proprietary materials to MacroCure. (*See* ECF No. 145.)

On March 17, 2015, Judge Quarles granted Cognate's motion for leave to file an amended complaint. (ECF Nos. 147 & 148.) MacroCure has filed "three case-dispositive motions raising issues of subject matter jurisdiction (ECF No. 174), *res judicata* (ECF No. 173), and personal jurisdiction (ECF No. 170)." (ECF No. 200-2 at 3.) MacroCure seeks a stay of discovery until the Court has ruled on these motions.

---

[2] Throughout this Report and Recommendation, Smith and his company are referred to collectively as the "Smith Defendants."

II.     **STAY OF DISCOVERY**

A.     **Standard**

Motions to stay discovery are "considered pursuant to Fed. R. Civ. P. 26(c) and case law interpreting that rule." *Wymes v. Lustbader*, No. WDQ-10-1629, 2012 WL 1819836, at *3 (D. Md. May 16, 2012). Rule 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; [or] (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery." *Id.* Thus, a party seeking to stay discovery must show good cause. *Id.*

In order to establish good cause to stay discovery, the moving party "must present a 'particular and specific demonstration of fact' as to why a protective order [staying discovery] should issue." *Id.* (quoting *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006)). Specifically, the moving party must make "a specific factual showing that the interest of justice and considerations of prejudice and undue burden to the parties require a protective order and that the benefits of a stay outweigh the cost of delay." *Id.* (citations omitted). The requirement to show good cause is a "high hurdle" for the moving party, and the Court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Id.* (quoting *Furlow v. United States*, 55 F. Supp. 2d 360, 366 (D. Md. 1999)).

Courts commonly stay discovery pending resolution of dispositive motions, and such stays can be "an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Id.* at 4 (quoting *Natanzon*, 240 F.R.D. at 202)); *see also Thigpen v. United States*, 800 F.2d 393, 396-97 (4th Cir. 1986). In certain instances, however, discovery stays can result in case management problems, a prolongation of

3

the proceedings, and a duplication of the costs of counsel. *Id.* For these reasons, the Court must carefully weigh the potential costs and benefits of a stay of discovery.

### B.      Discussion

MacroCure makes a number of arguments in support of its Motion. First, it argues that its motions to dismiss do not require the consideration of evidence that might be the subject of discovery. MacroCure's motions to dismiss for lack of subject matter jurisdiction and on *res judicata* grounds, for instance, raise "purely legal challenges" to the sufficiency of Cognate's First Amended Complaint. (ECF No. 200-2 at 7-8.) MacroCure argues that while its motion to dismiss for lack of personal jurisdiction depends on factual findings regarding "the extent and limits of its contacts with Maryland," that motion is already fully briefed. (ECF No. 203 at 5-6.) In addition, to the extent that the Court finds that additional jurisdictional discovery is appropriate, discovery directed at the jurisdictional issue would not be required for such a finding. *See Armstrong v. Nat'l Shipping Co. of Saudi Arabia*, No. ELH-13-03702, 2015 WL 751344, at *3 (D. Md. Feb. 20, 2015) (citing *Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993) and *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009)).

Cognate contends that MacroCure's Motion is just another attempt by MacroCure to delay the production of any discovery in this case. (ECF No. 201 at 7-9.) The discovery sought from MacroCure, Cognate argues, is crucial to a fair determination of the motions to dismiss pending before the Court, and also to its claims against the Smith Defendants even if the claims against MacroCure are dismissed. (*Id.*) Cognate has submitted a declaration pursuant to Rule 56(d) in connection with its opposition to MacroCure's motion to dismiss on *res judicata* grounds, and has propounded discovery requests related to MacroCure's contacts with Maryland

4

and relationship with Smith in connection with its opposition to MacroCure's motion to dismiss for lack of personal jurisdiction. Cognate states through the declaration of its counsel that additional facts needed to oppose summary judgment are still being developed through discovery. An interruption in discovery at this point could "further complicate what has already become a bifurcated litigation." (ECF No. 201 at 8.) Furthermore, Cognate notes that even if one of MacroCure's motions to dismiss is successful, the discovery would still be relevant to Cognate's claims against the Smith Defendants.

MacroCure's second argument is that Cognate's discovery requests are unduly burdensome, and "responding to [the] requests will require significant time and expense." (ECF No. 203 at 6.) MacroCure notes that the facts underlying Cognate's claims took place over three years ago, and many of MacroCure's employees from that time are no longer current employees. In addition, MacroCure generally states that it "does not have the resources on hand" to respond to Cognate's pending discovery requests, presumably because many of the documents and persons with discoverable information are located in Israel.

Cognate characterizes its discovery requests to MacroCure as "narrowly tailored and limited by date, subject matter, or both," and "directly related" to its claims against MacroCure and the Smith Defendants. (ECF No. 201 at 10.) In addition, Cognate suspects that MacroCure's recent interest in judicial efficiency is nothing more than another tactic to delay Cognate's ability to obtain discovery related to its claims. Cognate argues that MacroCure's claim of undue burden is "particularly troubling" with respect to the discovery Cognate has propounded about MacroCure's contacts with Maryland, a place that MacroCure has said it has "absolutely nothing to do with." (ECF No. 201 at 11.)

Third, MacroCure argues that the potential prejudice to Cognate of a stay of discovery is minimal. Cognate's litigation against Smith has been ongoing for a number of years, first in a separate state court proceeding and now in this Court. MacroCure states that if its motions are denied, the Court will be required to amend the existing scheduling order, and "discovery will unavoidably need to be significantly extended," thereby providing Cognate with "enough time to take the discovery they now seek." (ECF No. 203 at 1.)

Cognate disagrees that a stay of discovery would result in "minimal additional prejudice to Plaintiffs." (ECF No. 201 at 7.) MacroCure's "ongoing use of Plaintiffs' proprietary information is, by its very nature, causing continuing harm," as it puts Cognate "at risk of substantial financial harm and competitive disadvantage." (*Id.*) Even though Cognate has already endured a substantial delay in vindicating its claims, it characterizes any further delay in this litigation as a significant prejudice.

### C.    Local Rule 104.7

Cognate argues that MacroCure's Motion should also be denied because it does not comply with Local Rule 104.7, which is the Court's local rule regarding discovery disputes. This rule provides:

> Counsel shall confer with one another concerning a discovery dispute and make sincere attempts to resolve the differences between them. The Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court.

Loc. R. 104.7.

MacroCure states that two days before it filed the Motion, its counsel attempted to contact counsel for Cognate by telephone, and left a voicemail message explaining its desire to stay discovery pending a decision on its motions to dismiss. (ECF No. 200 at 1.) One hour later,

Cognate's counsel responded to MacroCure by email that Cognate would not agree to such a stay of discovery. (*Id.*) Cognate asserts that MacroCure's description of its efforts to resolve this dispute with Cognate do not meet the certification requirement of Rule 104.7. Cognate implies that MacroCure never actually attempted to resolve the dispute, and contacted Cognate only so that its position could be set forth in the Motion. (ECF No. 201 at 13.) MacroCure has attempted to cure the deficiency by attaching a Rule 104.7 certificate to its reply. (ECF No. 203-1.)

I find that MacroCure's Motion does not comply with Rule 104.7's certification requirements, but I do not recommend that MacroCure's Motion be denied on that basis. MacroCure should have made sincere efforts to resolve its dispute with Cognate, in person or by telephone, rather than exchanging voicemails and emails. If MacroCure made these efforts, the parties may have been able to resolve this dispute through a reasonable compromise and without judicial intervention. But given the history of discovery in this case, that is unlikely. Denying MacroCure's Motion on procedural grounds and requiring the parties to confer in person or by telephone before resubmitting the Motion would only lead to additional delay. Unlike many discovery disputes that involve numerous issues, the issue in MacroCure's Motion is discrete and the parties' positions are well briefed.  For these reasons, MacroCure's Motion should not be denied for failing to comply with Rule 104.7.

### D.      Findings and Recommendations

I find that MacroCure has demonstrated that good cause exists to stay discovery, albeit on a somewhat limited basis, until the Court rules on its motions to dismiss (ECF Nos. 170, 173 & 174). First, putting aside the question of whether the discovery requests that Cognate has propounded on MacroCure to date are burdensome, no one could dispute that discovery in this case has been complicated, contentious, and time-consuming. Regrettably, it is likely that the

introduction of MacroCure as a defendant will only multiply the discovery problems for all of the parties (and third-parties) to this litigation. The circumstances of this case are distinguishable from those in *Federal Ins. Co. v. Southern Lithoplate, Inc.*, No. 12-793, 2013 WL 4045924, at *1 (E.D.N.C. Aug. 8, 2013), which Cognate cites in its opposition (ECF No. 201 at 8). Here, a stay of discovery will not cause additional case management problems of any significance because discovery has already been bifurcated as to the parties. In addition, if MacroCure is successful in obtaining the dismissal of the claims against it, a stay of discovery will result in a substantial conservation of the resources that the parties and of the Court in managing this case. This factor weighs in favor of staying discovery.

Second, while much of the discovery that Cognate seeks from MacroCure may be related to its opposition of MacroCure's motions to dismiss, those motions are fully briefed. Judge Quarles's rulings on the motions do not depend on evidence that Cognate may be able to uncover in discovery from MacroCure. If Judge Quarles finds that Cognate must be permitted to take additional discovery before the Court rules on the motions to dismiss, he may direct that such discovery proceed at that time. As such, I find that the discovery that Cognate seeks from MacroCure is not necessary, at least in the strict sense, for it to oppose MacroCure's motions to dismiss. This factor also weighs in favor of staying discovery.

Third, I find that Cognate will be prejudiced by a stay of discovery. Cognate has made diligent efforts to obtain discovery from MacroCure as well as third-parties, but has encountered obstacles at every turn. While a stay of discovery pending Judge Quarles's rulings on the motions to dismiss may not be of an extended duration, it will nonetheless hinder Cognate's

ability to bring its claims against the Smith Defendants and MacroCure to a disposition.[3] In addition, to the extent that MacroCure is using Cognate's proprietary information (as Cognate alleges), the continued use of this information by MacroCure is a cause of continuing harm to Cognate. This factor weighs against staying discovery.

After considering each of these factors, I find that MacroCure has made the necessary showing for a stay of discovery. If the Court were to deny MacroCure's Motion, much of the discovery already conducted by the parties would likely be conducted again by MacroCure. This would be a waste of the parties' resources if Judge Quarles ultimately grants any of MacroCure's motions to dismiss, and the discovery taken by MacroCure proves to be of no use. At the same time, while the Court assumes that Cognate will continue to suffer prejudice as this litigation is prolonged, the marginal difference in the amount of prejudice that Cognate will suffer with a stay of discovery is small when compared to the prejudice it would suffer without such a stay. In sum, the interests of justice weigh in favor of staying discovery.

However, there is certain discovery to be taken from MacroCure that should not be stayed. This includes (1) the discovery sought through the Hague Convention request to the Israeli court; (2) any additional discovery that Judge Quarles allows to be taken in connection with MacroCure's motions to dismiss; and (3) the third-party and expert discovery discussed in Cognate's recent motion to amend the scheduling order (ECF No. 208).

As to the first category of discovery that I find should not be stayed, principles of comity require that this Court not interfere with the proceedings of the Israeli court. The Israeli court has endeavored to assist this Court in obtaining certain discovery from MacroCure that is essential to

---

[3] A stay of discovery would also result in prejudice to the Smith Defendants, who have repeatedly stated their desire for a disposition of this case. Nonetheless, the Smith Defendants consent to a stay of discovery. (ECF No. 200 at 2.)

Cognate's claims against the Smith Defendants. This discovery will remain essential to Cognate's claims regardless of whether MacroCure remains a defendant in this case. The Israeli court has already made a substantial effort to assist this Court in obtaining discovery from MacroCure. This Court should not interfere with its proceedings, which remain appropriate considering the "situations of the parties before [this Court] as well as the interest the concerned foreign state." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 533 (1987). I recognize that the Court is not required to use the Hague Convention procedures to obtain discovery from MacroCure now that MacroCure is a party subject to this Court's jurisdiction. *See Societe Nationale Industrielle Aerospatiale*, 482 U.S. 522 at 539-40 (noting that the "Hague Convention [does] not deprive the District Court of the jurisdiction it otherwise possesse[s] to order a foreign national to produce evidence physically located within a signatory nation"). Nonetheless, continued deference to the Israeli court in this matter will advance Cognate's interests in obtaining discovery that is essential to its claims against the Smith Defendants while also showing "due respect for any special problem confronted by [MacroCure] on account of its nationality or the location of its operations, and for any sovereign interest expressed by a foreign state." *Id.* at 546. For these reasons, I recommend that the Court make clear that its requests to the Israeli court pursuant to the Hague Convention are not stayed.

The second category of discovery that should not be stayed is the discovery that Judge Quarles finds is necessary for a fair consideration of MacroCure's motions to dismiss. Because this case has only been referred to me for discovery and related scheduling matters, it would be inappropriate for me to opine on whether additional discovery should be permitted before the Court rules on MacroCure's motions. To the extent that Judge Quarles finds that certain

jurisdictional discovery should be permitted before the Court rules on those motions, it should go without saying that such discovery should not be stayed.

The third category of discovery that should not be stayed is the third-party and expert discovery discussed in Cognate's Motion to Amend the Schedule for Completing Third-Party and Expert Discovery and Filing Dispositive Pretrial Motions (ECF No. 208). Specifically, discovery should not be stayed with respect to (1) discovery from the third parties, including the Red Cross; (2) any discovery between Cognate and the Smith Defendants that the parties have previously agreed to conduct; and (3) expert discovery.[4]

## III.   CONCLUSION

For the reasons set forth above, I recommend that the Court enter an order granting in part and denying in part MacroCure's Motion to Stay Discovery Pending Rulings on its Case Dispositive Motions (ECF No. 200). I recommend that the Court stay discovery with respect to MacroCure. I do not recommend that discovery be stayed in connection with (1) this Court's Hague Convention request to the Israeli court; (2) any discovery that the Court finds is necessary in connection with its consideration of MacroCure's motions to dismiss; and (3) the discovery currently proceeding between Cognate and the Smith Defendants, including third-party and expert discovery.

---

[4] The scheduling order governing this case (ECF No. 30) has been amended by a number of other orders (*see* ECF Nos. 37, 109, 143, 152, 159, 178, 188 & 209). Under the current schedule, third-party and expert discovery is to be complete by January 21, 2016. (ECF No. 109.) While I do not recommend that expert discovery be stayed, this recommendation should not be interpreted to mean that expert discovery must proceed in MacroCure's absence. If MacroCure's motions to dismiss are denied, it seems that some expert discovery would have to be duplicated if it was conducted without MacroCure's participation. If, in light of this recommendation, Cognate and the Smith Defendants wish to defer expert discovery until the resolution of MacroCure's motions to dismiss, they may request that the Court make this modification to the schedule.

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72 and Local Rule 301.5.


September 23, 2015                        /s/
Date                                       Timothy J. Sullivan
                                        United States Magistrate Judge