# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|                              |   |                          |
|------------------------------|---|--------------------------|
|                              | : |                          |
| COGNATE BIOSERVICES, INC.    | : |                          |
|                              | : |                          |
| v.                           | : | Civil No. CCB-13-1797    |
|                              | : |                          |
| ALAN K. SMITH                | : |                          |
|                              | : |                          |

## MEMORANDUM

Now pending before the court is the plaintiffs' Rule 59(e) motion requesting that the court alter or amend its judgment dated March 10, 2016, granting MacroCure, Ltd.'s motion to dismiss or, in the alternative, for summary judgment on res judicata grounds. No oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, the plaintiffs' motion will be denied.[1]

## BACKGROUND[2]

In June 2013, Cognate Bioservices, Inc. ("Cognate"), along with Healthbank, Inc., Oncocidex, Inc., Theradigm, Inc., and Vesta Therapeutics, Inc., brought this suit against Alan K. Smith and Alan Smith Consulting, Inc. (individually, "Smith" and "Smith Consulting"; collectively, "the Smith defendants"), and MacroCure, Ltd. ("MacroCure"), alleging (1) violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"); (2) misappropriation of products in violation of Maryland common law; and (3) misappropriation of trade secrets in violation of the Maryland Uniform Trade Secrets Act, Md. Code Ann., Com. Law §§ 11-1201 to 11-1209.

---

[1] The court also will grant the parties' unopposed motions to seal. (*See* ECF Nos. 239, 245.)
[2] The court will assume familiarity with this case and will recount only those facts that are needed to provide the necessary background for the pending motions. More detailed information can be found in the court's previous opinion of which the plaintiffs are requesting amendment or alteration. (*See* March 10 Mem., ECF No. 227.)

On April 16, 2015, the Smith defendants filed a motion to dismiss or, in the alternative, for summary judgment on res judicata grounds, in which MacroCure joined, arguing that a prior state court action precluded the plaintiffs from bringing this suit in federal court.[3] (Smith Res Judicata Mot., ECF No. 164; MacroCure Res Judicata Mot., ECF No. 173.) In 2012, Smith sued several parties, including Cognate, in Circuit Court for Baltimore County, alleging that Cognate had violated Maryland wage laws by failing to pay him salary and accrued unused vacation that he was owed from his employment with Cognate, and that he should be indemnified for money that was garnished from his bank account to pay a California tax liability. (Circuit Court Docket Sheet, ECF No. 63-2; Circuit Court Verdict Sheet, ECF No. 63-6.) Cognate counterclaimed against Smith, alleging that he was liable to Cognate for, *inter alia*, misappropriation of trade secrets and misappropriation of products. (Second Amended Counterclaims, ECF No. 63-3.) A jury trial in the Circuit Court occurred in February and March of 2014. (Circuit Court Docket Sheet.) On March 6, 2014, the jury found in favor of Smith on all his claims, awarding him several hundreds of thousands of dollars in damages, and found against Cognate on all its counterclaims. (Circuit Court Verdict Sheet.)

On March 10, 2016, this court granted the defendants' motion to dismiss or, in the alternative, for summary judgment on res judicata grounds, and closed the case. (*See* March 10 Mem.; March 10 Order, ECF No. 228.) After that decision, the plaintiffs settled all claims and appeals against the Smith defendants. (*See* Mot. Alter/Amend Ex. 1, Mem. Law 8, ECF No. 236-1.) On April 7, 2016, however, the plaintiffs filed a motion, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend the court's judgment that their suit against MacroCure was barred by both claim and issue preclusion. (Mot. Alter/Amend, ECF No. 236.) MacroCure has

---

[3] MacroCure also filed a motion to dismiss for lack of personal jurisdiction, (Personal Jurisdiction Mot., ECF No. 170), and a motion to dismiss for failure to state a claim under the CFAA, (CFAA Mot., ECF No. 174), to which the Smith defendants signed on in a motion styled as a "response," (Smith Resp., ECF No. 179).

filed a response in opposition to that motion, (Resp. Opp'n, ECF No. 243), to which the plaintiffs have replied, (Reply, ECF No. 246).

## STANDARD OF REVIEW

The Fourth Circuit has recognized three circumstances in which a final judgment may be amended under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "The district court has considerable discretion in deciding whether to modify or amend a judgment." *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). A Rule 59(e) motion "may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal citation and quotation marks omitted).

## ANALYSIS

As an initial matter, the plaintiffs object to the fact that they were not given an opportunity to refute arguments that MacroCure raised for the first time in its reply brief. (Mem. Law 8-9.) The plaintiffs did not file a motion for leave to file a surreply. *See* Local Rule 105.2(a) (D. Md. 2016). Instead, they filed a letter with the court arguing, first, that it was improper for MacroCure to raise its collateral estoppel arguments for the first time in a reply brief, and, second, that, under Maryland's four-part test for collateral estoppel, also known as issue preclusion, there was not a sufficient basis to grant the motion for summary judgment. (Correspondence, ECF No. 199.) Ultimately, however, the issue is moot as the court has allowed

the plaintiffs to brief their concerns regarding the legal underpinnings of the court's March 10 decision. (*See* Briefing Order, ECF No. 242.)

In its opinion granting the defendants'—including MacroCure's—motion for summary judgment on res judicata, also known as claim preclusion, grounds, the court relied on a footnote in *deLeon v. Slear*, in which the Maryland Court of Appeals said that it had "relaxed somewhat the strict requirements of privity and mutuality, for purposes of res judicata and collateral estoppel, in situations where the plaintiff had a full and fair opportunity to litigate the same claim in the prior proceeding." 616 A.2d 380, 389 n.5 (Md. 1992). In such instances, the court said, "a defendant not in privity with a defendant to the first suit may invoke the defense of res judicata." *Id.* The plaintiffs argue that it was clear error for this court to hold that the requirements of privity and mutuality have been relaxed for res judicata purposes. They point out that the case cited by the *deLeon* Court for this proposition actually involved collateral estoppel, though the opinion referred to res judicata. *See Pat Perusse Realty Co. v. Lingo*, 238 A.2d 100, 102 (Md. 1968). It is not true, however, that state and federal courts applying Maryland law have not followed the principle from *deLeon*'s footnote in cases involving claim preclusion. To the contrary, several courts have cited to the state's relaxation of mutuality and privity requirements in the context of res judicata.

In *MPC, Inc. v. Kenny*, for example, the Court of Appeals cited to *Pat Perusse* for the proposition that the traditional mutuality requirement for res judicata had been discarded, and, showing through comparison that it was indeed referring to claim preclusion, said that the public policy supporting that position applied equally to cases of issue preclusion. 367 A.2d 486, 490 (Md. 1977). The Court, although discussing the application of collateral estoppel to the case,

made very clear that the relaxation of the mutuality requirement applied to both claim and issue preclusion. In particular, the Court stated:

> Logically, therefore, if a party to an action may be conclusively barred by a stranger to that action in subsequent litigation upon the same cause of action regarding matters which were not even decided, but which could have been, he then may be bound, as against that same stranger, in respect to facts and issues that were actually determined. That a different cause of action is presented affords no sound reason for making a distinction between res judicata and collateral estoppel as to the requirement of mutuality. *Id.*

The next year, the Maryland Court of Special Appeals reiterated this aspect of the *MPC, Inc.* holding. *See Klein v. Whitehead*, 389 A.2d 374, 383 n.11, 384 (Md. Ct. Spec. App. 1978) (citing *MPC, Inc.* to support its finding that the defendants "may assert the bar of direct [claim preclusion] or collateral estoppel even though they were not parties to the prior proceedings."). More recently, that court has said that "the requirement that one who invokes *res judicata* and/or collateral estoppel be a party or in privity to a party has been relaxed and would not bar estoppel by judgment (i.e., the bar of either *res judicata* or collateral estoppel) if all the other elements of those doctrines were proven." *Green v. Ford Motor Credit Co.*, 828 A.2d 821, 838 (Md. Ct. Spec. App. 2003). Another judge of this District favorably cited the *Green* case and the *deLeon* footnote in a published opinion, *see Hawkins v. Citicorp Credit Servs., Inc.*, 665 F. Supp. 2d 518, 524 n.6 (D. Md. 2009), and I also have cited to *deLeon* and *Pat Perusse* for the finding that the privity requirement has been relaxed under Maryland law in certain circumstances when a defendant invokes the defense of res judicata, *see Jacobs v. Venali, Inc.*, 596 F. Supp. 2d 906, 913 (D. Md. 2009) (citing *deLeon*); *Tunnel/Hester Joint Venture v. Tunnel Elec. Constr. Co.*, 240 F. Supp. 2d 410, 413 (D. Md. 2002) (citing *Pat Perusse*).

The plaintiffs rely heavily on *Prince George's County v. Brent*, a recent Maryland Court of Appeals opinion. 995 A.2d 672 (Md. 2010). In that case, the Court found that the claim asserted against a Prince George's County police officer did not merge with a prior judgment

obtained against the County itself under the same set of facts. That case emphasized that a tort plaintiff, who first sued only a master or servant and obtained judgment, may then sue the other party "[s]o long as the claim has not been satisfied." *Id.* at 678. Even if the stronger interpretation of *Brent* that the plaintiffs put forward is the correct one, however, it is not dispositive of the issue. As explained by the court in *Savary v. Cody Towing and Recovery, Inc.*, a case which both sets of parties quote, and which cites to *MPC, Inc.*, *Green*, *Klein*, and *Brent*, claim preclusion's mutuality and privity requirements have waned under Maryland law even if they have not been extinguished entirely. *See* 2011 WL 337345, at *3 & n.4 (D. Md. Jan. 31, 2011) (finding whether mutuality is required for res judicata under Maryland law to be a moot issue because the relevant parties were in privity with one another).[4] Here, given the language of *MPC, Inc.*, *Klein*, *Green*, and the other cases cited above, this court finds no clear error in its memorandum opinion granting MacroCure's summary judgment motion on res judicata grounds. This finding is particularly appropriate based on the facts of the case, for several reasons. First, the plaintiffs were parties to, or in privity with parties to, the state court action, (*see* March 10 Mem. 7-9), and res judicata is, therefore, being used as a shield and not a sword. *See Grimes v. Miller*, 448 F. Supp. 2d 664, 668 (D. Md. 2006) ("[T]he same-parties requirement cannot be applied to bar [the defendant] from invoking res judicata as a shield."); *Bussell v. Prince George's Cty. Pub. Schs.*, 2015 WL 9311985, at *3 (D. Md. Dec. 22, 2015) ("Even if privity did not exist in the strict sense, it is a requirement intended to protect parties *against* whom *res judicata* is invoked, to ensure that they had opportunity to present relevant arguments and to have some control over the course of the litigation." (alteration in original)). Second, MacroCure's connection to the Smith defendants' alleged conduct was a prominent part of the state court case. *See Grimes*, 448 F. Supp. 2d at 668 ("Although [the defendant] was not named in the state court action, [the

---

[4] Unpublished opinions are cited for the soundness of their reasoning, not for any precedential value.

plaintiff] identified [him] in her pleadings and made arguments relative to his role in [the allegations underlying her state court lawsuit]."). Third, the plaintiffs had "a full and fair opportunity to litigate the same claim in the prior proceeding," as described in a portion of my memorandum opinion not contested in this motion to amend or alter. (*See* March 10 Mem. 12-17.) It is unnecessary, therefore, for the court to address the parties' arguments regarding issue preclusion.[5] The motion to alter or amend will be denied.

## CONCLUSION

For the reasons stated above, the plaintiffs' Rule 59(e) motion will be denied. A separate order follows.

February 27, 2017
Date

/S/

Catherine C. Blake
United States District Judge

---

[5] Neither side addresses footnote 9 of my March 10 memorandum opinion, which said that the plaintiffs failed to state a claim against MacroCure under the CFAA given that the claims against the Smith defendants are barred by res judicata (a holding not contested in this motion), and the plaintiffs did not allege that MacroCure independently accessed Cognate's computers. (March 10 Mem. 11 n.9.) The CFAA cause of action was the only federal claim that the plaintiffs brought. (*See* Mem. Law 12.) Accordingly, even if the plaintiffs' lawsuit against MacroCure were not precluded, this court could decline to exercise its supplemental jurisdiction over the remaining state law claims.